[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE AND OBJECTION THERETO
The pro se parties were in court the day scheduled for argument of the plaintiff's motion for summary judgment. They refused to sign in. Further, they left without asking the clerk or the court to have the matter continued — and without notifying the court they were leaving. They claim that one of them was ill, which they told opposing counsel. When counsel reported to the court he indicated he felt they were trying to delay the proceedings and he urged the court to go forward because of the financial problems involved. The court still made an effort to find them — but to no avail.
Despite this, the court considered every pertinent aspect of the file exhaustively, including all the submissions of the pro separties. The matter was carefully researched and a fairly exhaustive memorandum was written.
Litigants are entitled to finality. Rather than contact the court to ensure that a continuance would be granted — either personally the day of argument or later by telephone or by letter — the defendants sat back and waited to see what the court would do, and whether it would be favorable. The court's judgment was filed 2/21/97. The defendant's request to reargue was filed 2/26/97. This appears to be an attempt to delay the inevitable. The defendants had ample time to request a continuance before the decision was rendered. They did not. Instead they waited to see if the decision was favorable. The court cannot permit that.
The court's memorandum made very clear what the defendants must do to defeat a motion for summary judgment. The court notes, however, that even with the motion to reargue, the defendants have not filed any papers that would make a difference as to the court's decision. It is true that the defendants are pro se. But they must obey the rules of court like everyone else.
The Practice Book, Sec. 380, requires the defendants to file opposing affidavits, under oath, and other available documentary evidence which would be admissible in evidence, prior to the hearing. The defendants have not filed any evidentiary offering in proper form with the request to reargue, which indicates they could prevail on a rehearing. In the absence of that, the objection is sustained and the motion to reargue is denied.
Freedman, J. CT Page 4554